**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**LYNELL WILLIS JR.**                                                                               **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 3:20-CV-410-CRS**

**SAMUEL KING BAKER JR.** *et al.*                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lynell Willis Jr. filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 4), which the Court finds makes the financial showing required by 28 U.S.C. § 1915(a). **IT IS THEREFORE ORDERED** that the application (DN 4) is **GRANTED**.

Because Plaintiff is proceeding without prepayment of fees, or *in forma pauperis*, this Court must perform an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the complaint will be dismissed.

**I.**

Plaintiff filed this civil action against Samuel King Baker Jr., Quinton Darnell Smith, and Rajon Rondo. On the complaint form, Plaintiff asserts federal-question jurisdiction, and as his "Statement of Claim," he alleges as follows:

> While building my life attending public school Mr. Baker brandished a terroristic death note to a female in front of him stating "were going to murder Q." I thought the matter would clear even at college it didn't, rumors were spread about me – all contact came out about the kidnap what the kids had been doing in their homes after school. A physical altercation happened b/t Baker [and] I. I left school. Q (the kids) adults knowledging the kidnap never cleared the matter all are informed and still provoke the matter b/c of career status and other top successes.—may I explain[.]

As relief, Plaintiff seeks the following:

Polygraph the note brandisher, as well as Quinton.  Dismiss Rajon Rondo as they schemed through college to dirty my name or cause chaos in the U.S. or trash talk some high prolific crime case in the U.S. involving me (job).  I ask nothing but incarseration of all, and dismissal from packs [and] leagues [illegible.]

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  Plaintiff's allegations meet this standard.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The allegations in Plaintiff's complaint meet this standard as well.

Finally, as to Plaintiff's request for "incarseration of all," "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges.  *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*,

418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff's request for incarceration will also be dismissed as frivolous.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: January 5, 2021

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.005